# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JERMAINE EGGLESTON,<br><br>Defendant. | Case No. 2:20-MJ-04366<br><br>ORDER OF DETENTION |

On September 15, 2020, Defendant Jermaine Eggleston made his initial appearance on the complaint filed in this matter. Deputy Federal Public Defender Bina Ahmad was appointed to represent Defendant. A detention hearing was held.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving an offense with maximum sentence of life imprisonment or death.

☒ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving a narcotics or controlled substance offense with maximum sentence of ten or more years.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.

☒ the safety of any person or the community.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community.  [18 U.S.C. § 3142(g)]  The Court also considered all the evidence adduced at the hearing,  the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Defendant has two outstanding warrants from Michigan.

☒ Defendant has three dates of birth and two social security numbers associated to him on file.

☒ Defendant has minimal ties to the Central District of California.

As to danger to the community:

☒ Allegations in the affidavit in support of the complaint that more than three kilograms of fentanyl were found inside Defendant's checked bag at Los Angeles International Airport.

☒ Criminal history includes numerous arrests related to narcotics between 2007 and 2013.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel.  On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: September 15, 2020

/s/
PATRICIA DONAHUE
UNITED STATES MAGISTRATE JUDGE